**GREENBERG TRAURIG, LLP**
MARK D. KEMPLE, ESQ.
*Admitted Pro Hac Vice*
GREGORY A. NYLEN, ESQ.
*Admitted Pro Hac Vice*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email:    kemplem@gtlaw.com
              nyleng@gtlaw.com

JASON K. HICKS, ESQ.
Nevada Bar No. 13149
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email:    hicksja@gtlaw.com

*Attorneys for Global Merchant Advisors, LLC*
*f/k/a Paysafe Services (US) LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL PAYMENT ADVISORS LTD., a Nevada limited liability company,<br><br>                Plaintiff,<br><br>      v.<br><br>PAYSAFE SERVICES (US) LLC, a Delaware Corporation; and DOES 1-10 inclusive,<br><br>                Defendants.<br><br>AND ALL RELATED CLAIMS. | Case No.:  2:19-cv-203-RFB-VCF<br><br>**ORDER FOR CONTINUANCE OF DISPOSITIVE MOTION DEADLINE**<br><br>*Twelfth Request* |

/ / /

/ / /

/ / /

/ / /

1

ACTIVE 61269401v2

Plaintiff/Counter-Defendant International Payment Advisors LTD ("IPA"), Counter-Defendant Marc Maxwell ("Maxwell"), and Defendant/Counterclaimant Global Merchant Advisors, LLC, f/k/a Paysafe Services (US) LLC ("Paysafe/GMA"), collectively referred to as the "Parties" and each individually as a "Party," by and through their respective counsel of record, stipulate and request that (1) the dispositive motion deadline of December 7, 2021 be continued for two (2) weeks, to **December 21, 2021**; (2) the deadline to oppose dispositive motions be set for **January 25, 2022**; and (3) the deadline to submit replies in support of dispositive motions be set for **February 15, 2022**. Pursuant to LR 26-3, the Parties set forth the following, which they submit constitutes good cause for the requested extension.

### A.   GOOD CAUSE EXISTS TO EXTEND THE DISPOSITIVE MOTION DEADLINE

The Parties have worked cooperatively and diligently to complete fact discovery, which has now closed. The Parties have conducted eighteen (18) depositions and produced more than 2 million pages in this action. Throughout this process, the parties have worked cooperatively, such that the foregoing was accomplished not only during the pandemic, but without a single motion being filed with this Court to resolve any discovery dispute.

The Parties have each designated initial and rebuttal expert witnesses and exchanged reports. One of the parties' experts has had a family emergency that has required the parties to vacate and reschedule his deposition. The Parties thus require additional time to do so and to obtain and review that transcript in time to enable the Parties to prepare dispositive motions, if any. For these reasons, the Parties request an extension of the dispositive motion to deadline by two (2) weeks to **Tuesday, December 21, 2021**.

Moreover, in order to accommodate the parties' schedules during the holiday period, they stipulate and request that the Court set the deadline to oppose dispositive motions for **January 25, 2022** and the deadline to submit replies in support of dispositive motions for **February 15, 2022**.

### B.   DISCOVERY COMPLETED TO DATE

- The Parties conducted the Fed. R. Civ. P. 26(f) conference on June 4, 2019.
- The Court entered the Parties' Proposed Discovery Plan and Scheduling Order on June 19, 2019.

- IPA propounded its First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission on Paysafe/GMA on June 24, 2019.
- IPA served a third-party subpoena for documents on Bain & Company, Inc. on June 25, 2019.
- Paysafe/GMA propounded its First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission on IPA on June 26, 2019.
- Paysafe/GMA propounded its First Set of Requests for Production on Maxwell on June 26, 2019.
- The Parties exchanged Initial Disclosures on July 3, 2019.  Paysafe/GMA has subsequently supplemented its disclosures four times, most recently on June 14, 2021.
- Third-party Bain & Company, Inc. served its Objections to IPA's subpoena on July 10, 2019.
- Maxwell served his Responses to Paysafe/GMA's First Set of Requests for Production on August 5, 2019.
- IPA served its Responses to Paysafe/GMA's First Set of Requests for Production on August 5, 2019.
- Paysafe/GMA served its Responses to IPA's First Set of Requests for Production on August 5, 2019.
- IPA served its Responses to Paysafe/GMA's First Set of Requests for Admission and First set of Interrogatories on August 12, 2019.
- Paysafe/GMA served its Responses to IPA's First Set of Interrogatories on August 12, 2019.
- The Court entered the Parties' Stipulated Protective Order on September 23, 2019.
- IPA propounded its Second Set of Interrogatories and Second Set of Requests for Production on Paysafe/GMA on October 18, 2019.
- Paysafe/GMA served its Responses to IPA's Second Set of Interrogatories and Second Set of Requests for Production on November 25, 2019.
- IPA served its Responses to Paysafe/GMA's Second Set of Interrogatories on

3

1 January 17, 2020.

2 • IPA served its Second Set of Requests for Admission, Third set of Interrogatories, and
3 Third Set of Requests for Production on September 25, 2020.

4 • Paysafe/GMA served its responses to IPA's Second Set of Requests for Admission,
5 Third Set of Interrogatories, and Requests for Production on November 2, 2020.

6 • Pursuant to a meet and confer, IPA revised its definition used in its Second Set of
7 Requests for Admission, Third Set of Interrogatories and Third Set of Requests for Production on
8 November 24, 2020.

9 • Paysafe/GMA served its Supplemental Responses to IPA's Second Set of Requests for
10 Admission, Supplemental Responses to IPA's Third Set of Interrogatories, and Third Set of Requests
11 for Production on December 18, 2020.

12 • IPA has made seven document productions and one supplemental document
13 production totaling over 7,500 documents and nearly 40,000 pages.

14 • Paysafe/GMA has made 23 document productions totaling over 470,000 documents
15 and comprised of more than 2 million pages. Paysafe/GMA's most recent major production was on
16 January 5, 2021, wherein it produced over 18,000 additional documents containing additional search
17 terms requested by Plaintiff. Paysafe also produced over 390,000 documents in rolling productions
18 during the month of December 2020 and the first days of January 2021 that had been re-Bates
19 numbered at Plaintiff's request. Paysafe/GMA has most recently produced documents in response to
20 the meet and confer process on April 26, 2021.

21 • Each Party has noticed and taken depositions. The Parties have taken eighteen (18)
22 fact and Party witness depositions, two (2) expert depositions, and are conferring to schedule one (1)
23 more expert deposition.

24 Throughout, the Parties have worked through discovery issues and scheduling issues, and to
25 date have not had to file a motion with the Court.

26 C. **DISCOVERY TO BE COMPLETED**

27 The Parties intend to take one more expert deposition in the coming weeks. Though the Parties
28 have been, and will continue to, diligently work through these issues, they note that no trial date has

4

been set in this matter.

**D.     REASONS FOR REQUESTED EXTENSION**

This lawsuit relates to the performance of a contract for services in the electronic payment processing space over a multi-year period.  As is sometimes the case with disputes between sophisticated parties for years-long service contracts, the potential world of responsive documents is large; in this case, in the range of millions of pages.  The volume of documents at issue in this lawsuit presented more complicated and complex discovery issues which naturally slowed the process of discovery.  The Parties propounded a few hundred individual discovery requests on one another, in total, and have spent substantial time endeavoring to resolve objections to those requests without involving the Court.  To date, and based on their efforts, the Parties have not been required to seek Court intervention to resolve a single dispute.

Many of the witnesses were located out-of-state and, with respect to some of Paysafe/GMA's executives, out of the country.  As such, it took additional time and effort to coordinate depositions. Some of the witnesses are no longer employed by Paysafe/GMA, and as such, third-party subpoenas and additional coordination were also required.

Good cause exists for this extension.  The Parties have cooperatively noticed and taken eighteen (18) fact witness depositions and two (2) expert depositions.  The parties also recently participated in a mediation, and scheduling issues with that mediator contributed to the need for a prior brief requested extension.  Lastly, there is one (1) more expert deposition that needs to be taken, and it was recently postponed due to a family emergency with the expert.  The current dispositive motion deadline of December 7, 2021 would not allow sufficient time to take the remaining expert's deposition and for post expert deposition activities, such as obtaining the transcript, time for the expert to review, correct, and sign the transcript, and time to draft dispositive motions with the benefit of all expert depositions and transcripts.

This request for extension is made in good faith and, the Parties submit, good cause exists to extend the dispositive motion deadline.

*ACTIVE 61269401v2*

E.   **PROPOSED AMENDED SCHEDULING ORDER FOR COMPLETING ALL REMAINING DISCOVERY**

(a)   <u>Dispositive Motion Deadline</u>: Dispositive motions shall be filed on or before **December 21, 2021**.

Oppositions to dispositive motions shall be filed on or before **January 25, 2022**.

Replies in support of dispositive motions shall be filed on or before **February 15, 2022**.

(b)   <u>Joint Pretrial Order</u>. The Joint Pretrial Order shall be filed on or before **January 21, 2022**. Pursuant to LR 26-1(b)(5), in the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the entry of a decision on the dispositive motion(s), or upon further order of the Court.

/ / /

/ / /

/ / /

(c)   Rule 26(a)(3) Pretrial Disclosures:  The Parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(3) at least thirty (30) days before trial.  Objections to those disclosures shall be made within twenty (20) days thereafter.

| | |
|---|---|
| Dated this 11th day of November 2021. | Dated this 11th day of November 2021. |
| KRAVITZ, SCHNITZER & JOHNSON, CHTD. | GREENBERG TAURIG, LLP |
| /s/ Steven Basileo | /s/ Jason Hicks |
| MARTIN J. KRAVITZ, ESQ.<br>Nevada Bar No. 83<br>8985 S. Eastern Avenue, Suite 200<br>Las Vegas, Nevada 89123 | MARK D. KEMPLE, ESQ.<br>*Admitted Pro Hac Vice*<br>JASON K. HICKS, ESQ.<br>Nevada Bar No. 13149<br>10845 Griffith Peak Drive, Suite 600<br>Las Vegas, Nevada 89135 |
| GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP<br>PATRICIA L. GLASER, ESQ.*<br>SEAN RILEY, ESQ.*<br>STEVEN BASILEO, ESQ.*<br>CHRISTOPHER MCANDREW, ESQ.*<br>*Admitted Pro Hac Vice*<br>10250 Constellation Boulevard, 19th Floor<br>Los Angeles, California 90404<br>*Attorneys for International Payment Advisors LTD and Marc Maxwell* | *Attorneys for Global Merchant Advisors, LLC, f/k/a Paysafe Services (US) LLC* |

Good cause appearing hereon,

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  12   day of   November      2021

7